# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TASARANTA and DARILOU TASARANTA, <br><br> Plaintiffs, <br> vs. <br> HOMECOMINGS FINANCIAL LLC; AMERICAN MORTGAGE NETWORK, INC.; and DOES 1 through 50, <br><br> Defendants. | CASE NO. 09cv1666 WQH (JMA) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss, filed by Defendant Homecomings Financial, LLC ("Homecomings"). (Doc. # 8).

## I. Background

On July 2, 2009, Plaintiffs, proceeding pro se, initiated this action by filing a Complaint for Damages and Rescission ("Complaint") in San Diego County Superior Court. (Notice of Removal, Doc. # 1, Ex. A ("Compl.")). On July 31, 2009, Homecomings removed the action to this Court, alleging federal question jurisdiction. (Doc. # 1). The Notice of Removal was accompanied by an affidavit from Homecomings' counsel, stating that Defendant American Mortgage Network, Inc. had not been properly served as of July 31, 2009. (Doc. # 3, ¶ 5). American Mortgage Network, Inc. has not yet entered an appearance, and Plaintiffs have filed no proof of service as to American Mortgage Network, Inc. with this Court.

On August 5, 2009, Homecomings filed a Motion to Dismiss the Complaint. (Doc. #

8). Plaintiffs have not filed an opposition to the Motion to Dismiss.

## II. Allegations of the Complaint

"The real property [at issue] is a single family residence commonly known as follows: 1918 Harrils Mill Ave., Chula Vista, California 91913." (Compl. at 1). "On or about May 6, 2005, Plaintiffs executed an 'Adjustable Rate Note' promising to pay [Defendant] American Mortgage Network, Inc. the sum of $619,000.00 by monthly payments." (Compl. ¶5). "[C]rucial terms regarding the loan documentation were ... never fully explained to Plaintiffs, if at all as required by statute, including the exact interest rate set forth in the 'Note', how and when any adjustments to that interest rate and the recurring monthly payment would occur." (Compl. ¶ 7). "Further, ... the Defendants charged and obtained improper fee for the placement of their loan as 'sub-prime' when they qualified for a prime rate mortgage which would have generated less in fees and interest." (Compl. ¶ 8).

The Complaint alleges eight causes of action: (1) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1611 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 *et seq.*; (3) violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602 and 1639; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (5) breach of fiduciary duty; (6) breach of the covenant of good faith and fair dealing; (7) injunctive relief; and (8) declaratory relief. The Complaint requests compensatory and punitive damages, and "rescission of the contract and loan." (Compl. at 12).

## III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Pro se complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Additionally, "[a]lthough [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). When dismissing a pro se complaint for failure to state a claim, "the district court must give the plaintiff a statement of the complaint's deficiencies." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

**IV.   Discussion**

**A.  TILA**

The Complaint alleges:

> Defendants ... have violated the requirements of [TILA] in that among other things:
> A. They have refused and continued to refuse to validate or otherwise make full accounting and the required disclosures as to the true finance charges and fees;
> B. They have improperly retained funds belonging to Plaintiffs in amounts to be determined;
> C. They have failed to disclose that status of the ownership of the loans.

(Compl. ¶ 13).

### 1.  Pleading Standards

Plaintiffs did not attach to the Complaint any of the "loan documentation" referenced in the Complaint, nor did they make any specific factual allegations as to the contents of the "loan documentation." (Compl. ¶ 7). Plaintiffs do not allege which provisions of the TILA were violated by which Defendant, nor do Plaintiffs allege "non-conclusory factual content" which is "plausibly suggestive of a [TILA] claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969. The allegations related to the TILA claim fail to satisfy the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, Plaintiffs' TILA claim is dismissed without prejudice.

### 2.  Statute of Limitations

There are two potential remedies to a TILA claim–damages or rescission. *See* 15 U.S.C. §§1635, 1640. The statute of limitations for a TILA damages claim is one year. *See* 15 U.S.C. §1640(e). The statute of limitations for a TILA rescission claim is three years. *See* 15 U.S.C. §1635(f). The period begins to run from the date the loan closed. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) ("the limitations period in [the TILA] runs from the date of consummation of the transaction...."). Plaintiffs allege they bought the property at issue on May 6, 2005. (Compl. ¶5). They filed the Complaint on July 2, 2009, more than four

years after the loan closed. Thus, the statute of limitations has run on both the TILA damages claim and the TILA rescission claim. Finally, Plaintiffs do not allege sufficient facts indicating that the doctrine of equitable tolling should suspend the TILA limitations period. *Cf. King*, 784 F.2d at 915. For this independent reason, Plaintiffs' TILA claim is dismissed without prejudice.

### B. RESPA

#### 1. Section 2605(b)

The Complaint alleges that Defendants, "individually or jointly, are 'Servicers' as that term is used within the RESPA act and either individually or jointly violated the requirements of [12] U.S.C. § 2605(B) in that the servicing contract or duties thereunder were transferred ... without the required notice." (Compl. ¶ 21).

Section 2605(b) provides that "[e]ach servicer of any federally related mortgage shall notify the borrower in writing of any assignment, sale or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b). The remedies available for violation of § 2605(b) are: "an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, ... in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1).

The Complaint fails to allege facts related the alleged transfer of servicing contract, including when the transfer occurred and to whom the contract was transferred. The Complaint also fails to allege that Plaintiffs suffered "any actual damages ... as a result of the failure" to provide notice, or any "pattern or practice of noncompliance." *Id.* The allegations of the Complaint related to the § 2605(b) RESPA claim fail to satisfy the pleading standards of Rule 8(a). *See Twombly*, 550 U.S. at 555.

#### 2. Yield Spread Fees

The Complaint also alleges that "Defendants ... placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned." (Compl. ¶ 20).

"No per se rule exists in applying RESPA ... to [yield spread fees]." *Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201, 1208 (9th Cir. 2003) (citation omitted). Instead, a court must conduct a loan-specific analysis of whether the total mortgage broker compensation was reasonable. *See id.* The single allegation quoted above is insufficient state a RESPA claim that the yield spread fees charged by Defendants in Plaintiffs' case were unreasonable. For example, Plaintiffs fail to allege what services were performed by each Defendant, when they were performed, and what fees were charged by each Defendant for those services. *See Bjustrom*, 322 F.3d at 1208. The RESPA claims are dismissed without prejudice for failure to satisfy the pleading standards of Rule 8(a). *See Twombly*, 550 U.S. at 555.

### C.   HOEPA

Plaintiffs' third Cause of Action seeks damages under HOEPA, an amendment to TILA codified at 15 U.S.C. § 1639, which creates "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees." *Lynch v. RKS Mortgage, Inc.*, 588 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008) (quotation omitted). In order to be subject to the protections afforded by HOEPA, one of two factors has to be established. Either the annual percentage rate of the loan at consummation must exceed by more than 10 percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or before closing has to be greater than 8 percent of the total loan amount, or $400.00. *See* 15 U.S.C. § 1602(aa)(1) & (3); *see also Lynch*, 588 F. Supp. 2d at 1260.

The Complaint contains no factual allegations concerning the loan at issue, including the percentage rate of the loan at consummation or the total points and fees payable at or before closing. (Compl. ¶¶ 25-29 (the HOEPA allegations)). The HOEPA claim is dismissed without prejudice because "Plaintiffs' Complaint does not demonstrate that the mortgage they obtained qualified for protection under HOEPA in the first place...." *Lynch*, 588 F. Supp. 2d at 1260 (citing *Marks v. Chicoine*, No. C 06-6806, 2007 WL 160992 at \*8 (N.D. Cal., Jan. 18, 2007) (court dismissed claim for violation of HOEPA where plaintiff failed to allege facts that would support a conclusion that HOEPA applied to the loan at issue); *Justice v. Countrywide Home Loans, Inc.*, No. 05-cv-008, 2006 WL 141746 at \*2 (E.D. Tenn., Jan. 18, 2006) (where

complaint alleged that excessive fees were charged in violation of HOEPA but failed to specify such fees, dismissal was appropriate, since "the bare incantation of statutory terms, without corresponding allegations to support recovery, does not state a claim.")).

### D. FDCPA

The Complaint alleges that Plaintiffs "requested validation of the 'debt' under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act.... Defendants did not respond to their demands in such a way as to meet the requirements of the act." (Compl. ¶¶ 32-33).

Plaintiffs do not include sufficient factual allegations to support the conclusion that Defendants violated the FDCPA, such as how, when and to whom Plaintiffs "requested validation," and how and when each Defendant responded. (Compl. ¶ 32). The FDCPA claim is dismissed without prejudice for failure to satisfy the pleading standards of Rule 8(a). *See Twombly*, 550 U.S. at 555.

### E. Breach of Fiduciary Duty

The Complaint alleges that "Defendants breached their fiduciary duties owed to Plaintiffs as they have acted and continue to act for their own benefit and to the detriment of Plaintiffs." (Compl. ¶ 38).

"[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991). "The relationship between a lending institution and its borrower-client is not fiduciary in nature. A commercial lender is entitled to pursue its own economic interests in a loan transaction." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) (citations omitted). "[I]t is established that absent special circumstances..., a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006) (collecting cases).

The Complaint fails to allege "special circumstances" demonstrating that there existed a fiduciary relationship between Plaintiffs and Defendants. Therefore, the breach of fiduciary

duty claim is dismissed without prejudice.

### F. Breach of the Covenant of Good Faith and Fair Dealing

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937 (9th Cir. 1999) (applying California law). That duty, known as the covenant of good faith and fair dealing, requires "that neither party ... do anything which will injure the right of the other to receive the benefits of the agreement." *Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578, 589 (2005). However, "recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties, such as the relationship between an insured and its insurer." *Bionghi v. Metro. Water Dist.*, 70 Cal. App. 4th 1358, 1370 (1999). Additionally, the "covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).

The Complaint does not allege that there exists "a special relationship between the contracting parties." *Bionghi*, 70 Cal. App. 4th at 1370; *see also Mitsui Mfrs. Bank v. Super. Ct.*, 212 Cal. App. 3d 726, 729 (1989) ("reject[ing] [the] argument that [the covenant] ... should encompass normal commercial banking transactions"). Also, the Complaint does not allege that Defendants failed to comply with "the express terms of the contract" between the parties. *Racine & Laramie, Ltd.*, 11 Cal. App. 4th at 1032. Therefore, the claim for breach of the implied covenant of good faith and fair dealing is dismissed without prejudice.

### G. Injunctive Relief

Under California law, a "cause of action for an injunction [i]s improper as an injunction is a remedy, not a cause of action." *Roberts v. Los Angeles County Bar Ass'n*, 105 Cal. App. 4th 604, 618 (2003) (citing *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997)). Plaintiffs' purported cause of action for injunctive relief is dismissed.

### H. Declaratory Relief

The Complaint alleges that "a declaration of the rights and duties of the parties herein

is essential to determine the actual status and validity of the loan, Deed of Trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters." (Compl. ¶ 53).

"The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 79 (2002) (quotation omitted). To determine whether declaratory relief is appropriate, a court must determine: "(1) whether the dispute is sufficiently concrete that declaratory relief is appropriate; and (2) whether withholding judicial consideration will result in the parties suffering hardship." *Stonehouse Homes v. City of Sierra Madre*, 167 Cal. App. 4th 531, 540 (2008) (citations omitted).

The Complaint fails to allege sufficient facts indicating that declaratory relief is appropriate. For example, there are no factual allegations indicating the status of the relationship between the parties, or whether either Defendant has attempted to foreclose on the property at issue. The declaratory relief cause of action is dismissed without prejudice.

## V.  Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED**. (Doc. # 8). The action against Defendant Homecomings is **DISMISSED** without prejudice.

DATED: September 21, 2009

*(signature)*
**WILLIAM Q. HAYES**
United States District Judge